UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TONY YOUNGBLOOD, and<br>MARREAL YOUNGBLOOD,<br><br>      Plaintiff,<br><br>vs.<br><br>TRACY L. REINHOLT, *et al.*,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)  CAUSE NO. 1:05-CV-205 TS<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

Tony Youngblood, a *pro se* prisoner, brought this suit pursuant to 42 U.S.C. § 1983. Marreal Youngblood is a *pro se* non-prisoner and her claims are not addressed in this opinion.

Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915 and 1915A as when addressing a motion under Rule 12(b)(6). *See Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss,

> no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Tony Youngblood alleges that his Sixth Amendment right to a public trial was violated when his wife was ejected from his trial. Though the complaint is unclear whether his trial was closed to all members of the public, if his Sixth Amendment right to a public trial was violated, then the claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which provides that where the successful prosecution of a civil rights case would undermine or imply the invalidity of a criminal prosecution, the civil rights case may not proceed without proof "that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 477, 486–87.

Additionally, Mr. Youngblood alleges that actions taken against his wife caused the wrongful death of his unborn children. Mr. Youngblood lacks standing to assert the rights of his wife. "[S]tanding encompasses the general prohibition on a litigan's raising another person's legal rights." *Elk Grove Unified School District v. Newdow*, 542 U.S.1, 17 (2004) (quotation mark omitted).

For the foregoing reasons, Tony Youngblood and his claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED on June 27, 2005.

S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

2